UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CRAIG YATES, an individual,<br><br>           Plaintiff,<br><br>      vs.<br><br>SWEET POTATO ENTERPRISES, INC., a California corporation dba POPEYES STORE # 2794; et al.,<br><br>           Defendants. | Case No: C 11-01950 SBA<br><br>**ORDER STRIKING PLAINTIFF'S MOTIONS IN LIMINE** |

On May 25, 2012, the Court issued an Order for Pretrial Preparation which, inter alia, specified various deadlines and requirements for the filing of the parties' pretrial submissions. Dkt. 17. With regard to motions in limine, the Order stated:

> All motions in limine and any opposition thereto shall be set forth in a single memorandum, <u>not to exceed ten (10) pages in length</u>. Reply briefs may not exceed six (6) pages. <u>Any request to exceed the page limit must be submitted prior to the deadline for these briefs</u> and must be supported by a showing of good cause and a certification that the applicant has met and conferred with the opposing party.

<u>Id.</u> at 5 (emphasis added).

On February 12, 2013, the parties filed their respective motions in limine. Dkt. 41, 42. In direct violation of the aforementioned Order, Plaintiff filed a fifteen-page brief, without requesting or obtaining prior leave of Court to file an oversized memorandum. Plaintiff also failed to include a certification that he met and conferred with Defendants prior to filing his motions, as required by this Court's Standing Orders. The Court therefore strikes Plaintiff's improperly-filed motions in limine from the record. See <u>Smith</u>

v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."). The Court sua sponte grants Plaintiff leave to refile his motions in limine in accordance with the Court's prior order <u>after</u> he has first met and conferred with Defendants regarding each and every issue raised in his eight in limine motions. However, Plaintiff shall show cause why he and/or his counsel should not be sanctioned for violating the Orders of this Court. See Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648-49 (9th Cir. 1997). Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions in limine (Dkt. 42) shall be STRICKEN from the record.

2. The parties shall meet and confer regarding the issues presented to the Court in their respective motions in limine. After doing so, Plaintiff may re-file his motions in limine in a single memorandum, not to exceed ten (10) pages in length. The Court will not consider any motions in limine unless the parties have certified in writing that they have met and conferred, in good faith, as to each and every issue presented to the Court in the motions.

3. Plaintiff shall refile his motions in limine by no later than close of business on February 18, 2013. Defendants shall file their opposition thereto by February 22, 2013, and Plaintiff shall file his reply by February 26, 2013.

4. By no later than February 20, 2013, Plaintiff shall a memorandum, not to exceed five (5) pages, showing cause why the Court should not impose monetary sanctions against him and/or his counsel for violating the Court's Order for Pretrial Preparation and Standing Orders.

IT IS SO ORDERED.

Dated: February 14, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge