UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CRAIG YATES, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>SWEET POTATO ENTERPRISES, INC., a California corporation dba POPEYES STORE # 2794; et al.,<br><br>    Defendants. | Case No: C 11-01950 SBA<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>Dkt. 41, 45 |

Plaintiff Craig Yates ("Plaintiff"), a disabled individual, alleges that he was denied equal access to a Popeyes Louisiana Kitchen ("Popeyes") fast food outlet in San Francisco, in violation of the federal American with Disabilities Act ("ADA"), as well as various California statutes. He brings the instant action against Sweet Potato Enterprises Inc. ("Defendant"), the owner of the Popeyes franchise at issue, seeking, inter alia, damages and injunctive relief. The parties are presently before the Court on the parties' respective motions in limine. Having read and considered the papers submitted, the Court: DENIES Plaintiff's motions in limine nos. 1 through 6; GRANTS Plaintiff's motions in limine nos. 7 and 8; and GRANTS IN PART and DENIES IN PART Defendant's motion in limine.

# I. BACKGROUND

## A. PROCEDURAL AND FACTUAL SUMMARY

Plaintiff, through his attorney Thomas E. Frankovich, has filed numerous actions in this Court against various business establishments, claiming that they fail to provide equal access for disabled persons.[1]  Plaintiff and Mr. Frankovich filed the instant action against Defendant on April 21, 2011, asserting claims for denial of access in violation of: (1) the ADA; (2) California Civil Code §§ 54, 54.1 and 54.3; and (3) California's Unruh Civil Rights Act.  Dkt. 1.

On June 6, 2012, Plaintiff filed a First Amended Complaint for Injunctive Relief and Damages ("FAC").  Dkt. 19.  The FAC alleges that Plaintiff is a wheelchair-bound "triplegic" who encountered "architectural barriers" during the course of various visits to Defendant's Popeyes outlet located at 599 Divisidaro Street in San Francisco.  Among other things, Plaintiff claims that the double doors "had excessive pressure" making it difficult for him to enter the premises, FAC ¶ 14; that he "encountered a service counter that was too high for transactions," id. ¶ 15; and that he "encountered [sic] lack of accessible seating for the disabled," id. ¶ 16.  Plaintiff alleges that he encountered these barriers on March 8, 2011, March 21, 2011, March 30, 2011, April 5, 2011, April 12, 2011, April 26, 2011, April 30, 2011, May 4, 2011, May 13, 2011, June 29, 2011, July 20, 2011, September 8, 2011, September 28, 2011, January 8, 2012, March 11, 2012 and May 14, 2012.  Id. ¶ 13.  As relief, Plaintiff seeks, inter alia, an injunction compelling Defendant to modify the premises to make them "readily accessible" to disabled persons and monetary damages for the "mental distress" he allegedly suffered as a result of encountering the aforementioned barriers.  Id. at 26-28.

Defendant counters that Plaintiff's claims are frivolous.  In particular, Defendant claims that its store is in compliance with federal and state disability access laws and that the modifications demanded by Plaintiff are, in any event, unreasonable and not "readily

---

[1] ECF indicates that since 2002, Plaintiff has filed and/or been a party-plaintiff in 170 actions commenced in this Court.

achievable."[2] Moreover, Defendant alleges that Plaintiff and his counsel are vexatious litigants who have filed hundreds of similar lawsuits against small businesses, making the same type of boilerplate allegations, in an effort to "extort" settlements from them. In particular, Defendant alleges—and Plaintiff does not dispute—that since 2007, Plaintiff has filed over 168 disability access lawsuits throughout California using the same cut-and-pasted allegations with identical claims of injury.

### B. MOTIONS BEFORE THE COURT

Trial in this action is set to commence on July 23, 2013. In anticipation thereof, Defendant has filed a motion in limine to exclude "sympathy-inducing" evidence regarding Plaintiff's disability; namely, testimony concerning how he became disabled and his day-to-day challenges as a disabled person.

Plaintiff has filed eight motions in limine. His first six motions collectively move to exclude evidence relating to his prior litigation activities. The final two motions seek to exclude recently disclosed surveillance videos, one showing Plaintiff and another disabled customer, patronizing Popeyes on August 24, 2012.

## II. DISCUSSION

### A. DEFENDANT'S MOTION IN LIMINE

Defendant moves to exclude any "sympathy-inducing evidence or testimony regarding Plaintiff's disability that is not relevant to prove or disprove disputed facts that are of consequence to the determination of this action." Def.'s Mot. at 2, Dkt. 41. Defendant indicates that it is willing to stipulate that Plaintiff is a physically-disabled person within the scope of the ADA and state laws that form the basis of this action. In view of such stipulation, Defendant contends that specific testimony regarding Plaintiff's disability—including how he became disabled and his day-to-day difficulties as a disabled

---

[2] An ADA plaintiff must establish that the removal of the barrier is "readily achievable" in order to succeed on an ADA claim of discrimination premised on an architectural barrier. 42 U.S.C. § 12182(b)(2)(A)(iv).

person—are unnecessary and will be unduly prejudicial within the meaning of Federal Rule of Evidence 403.[3]

With regard to evidence concerning how Plaintiff became disabled, Plaintiff states that he has stipulated not to introduce any such evidence. Pl.'s Opp'n at 2, Dkt. 46. The Court therefore finds this aspect of Defendant's motion to be moot.

As to evidence regarding his day-to-day difficulties, Plaintiff contends that such evidence is necessary to show that he was denied equal access to Popeyes. Id. Specifically, Plaintiff asserts that "testimony regarding [his] 'day-to-day' hardships is relevant and helpful to the jury as it provides a comparison or baseline from which a jury can assess whether plaintiff was denied access." Id. As an initial matter, Plaintiff fails to cite any legal authority to support his theory of admissibility. On that basis alone, the Court rejects Plaintiff's argument. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 930 (9th Cir. 2003) ("It is [the movant's] burden . . . to present the court with legal arguments to support its claims."). That aside, Plaintiff overlooks that the issue of whether Defendant's Popeyes outlet has architectural barriers in violation of the ADA will be determined by objective criteria. See Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (recognizing that whether a facility is "readily accessible" under the ADA is determined by the ADA Accessibility Guidelines which provide technical structural requirements for places of public accommodation).[4] Plaintiff has not shown how testimony regarding his day-to-day hardships is probative of the specific issue of whether he was denied equal access to Defendant's Popeyes outlet.

---

[3] Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

[4] The ADA prohibits places of public accommodation from discriminating against disabled persons by, among other things, failing to remove architectural barriers to their businesses or, if removal is not readily achievable, using alternative methods for providing disabled persons with access to their goods, services, and facilities. See 42 U.S.C. § 12182(a), (b)(2)(A)(iv) and (v).

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART AS MOOT Defendant's motion in limine to exclude sympathy-inducing evidence or testimony regarding Plaintiff's disability. Based on Plaintiff's stipulation, Defendant's request to exclude evidence or testimony regarding how he became disabled is DENIED as moot. However, the Court finds that the prejudicial effect of evidence relating to Plaintiff's general day-to-day hardships attributable to his disability substantially outweighs its probative value. See Fed. R. Evid. 403. Therefore, this aspect of Defendant's motion in limine is GRANTED and evidence relating to his general day-to-day hardships attributable to his disability shall be excluded at trial. Plaintiff will be allowed to present evidence relating to his disabilities only to the extent they are relevant to prove or disprove disputed facts that are of consequence to the determination of this action.

### B. PLAINTIFF'S MOTION IN LIMINE

Plaintiff's motions in limine nos. 1 through 6 collectively seek the exclusion of evidence relating to: (1) the number of ADA claims filed; (2) the number of previously-filed disability access lawsuits; (3) the names of cases and case numbers of actions filed by Plaintiff; (4) Plaintiff's financial status; (5) the number of settlements entered into by Plaintiff; and (6) the amount of settlement money received by Plaintiff as a result of his litigation activities. Pl.'s Mot. at 2-6, Dkt. 45. Motions in limine nos. 7 and 8 pertain to in-store surveillance videos of Plaintiff and another disabled customer from August 24, 2012.

#### 1. Motions in Limine Nos. 1-3: Prior Lawsuits

Plaintiff's first three motions seek the exclusion of evidence relating to his prior lawsuits on the ground that it is being offered for an improper purpose; to wit, to show that he is litigious. Pl.'s Mot at 2-4. The starting point for the Court's analysis is Rule 404(b).[5] See Batiste-Davis v. Lincare, Inc., 526 F.3d 377, 380 (8th Cir. 2008) ("prior acts include prior lawsuits."). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion

---

[5] Plaintiff's motion and reply make no mention of Rule 404(b).

- 5 -

the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is nonetheless admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Id. To admit evidence of prior acts, it must: (1) tend to prove a material point in issue; (2) not be too remote in time; (3) be proven with evidence sufficient to show the act was committed and; (4) if admitted to prove intent, must be similar to the offense charged. United States v. Beckman, 298 F.3d 788, 794 (9th Cir. 2002). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002). In analyzing whether to the admit Rule 404(b) evidence, the Court is mindful that the rule is "a rule of inclusion—not exclusion." United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008).

As a general matter, prior lawsuits are inadmissible to show that the plaintiff is litigious. See Henderson v. Peterson, No. C 07-2838 SBA, 2011 WL 2838169, *6 (N.D. Cal. July 15, 2011) ("evidence of Plaintiff's litigiousness is inadmissible character evidence."). Nonetheless, such evidence is admissible other purposes, such as impeachment. United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992) (noting that "[Rule 404(b)] does not proscribe the use of other act evidence as an impeachment tool during cross-examination."). Here, Plaintiff's filing of well over a hundred disability lawsuits in which he alleges identical injuries bears directly upon his credibility. See Otto v. Commerce St. Capital, No. 12-2472, 2013 WL 2357623, *2 (E.D. Pa. May 29, 2013) (finding that evidence of plaintiffs' prior lawsuits, which made "nearly identical damage claims," was admissible to challenge credibility of their damage claims); Tomaino v. O'Brien, 315 F.App'x 359, 361, 2009 WL 690209 (2d Cir. 2009) (upholding admission of evidence concerning plaintiff's five prior lawsuits on the ground that a jury could infer that plaintiff had made "strikingly similar claims [and] that his testimony in support of a sixth such suit was not credible."). In addition, Plaintiff's prior lawsuits are probative of his credibility, given that he provided evasive answers during his deposition regarding his prior

1    litigation activities.  See Barbee v. Southeastern Pa. Transp. Auth., 323 Fed.Appx. 159,
2    162, 2009 WL 868018 (3rd Cir. 2009) (holding that evidence of the plaintiff's involvement
3    in at least 24 prior civil suits was properly admitted for impeachment purposes, given that
4    he "was evasive about prior lawsuits in his deposition").  Accordingly, the Court DENIES
5    Plaintiff's motions in limine nos. 1 through 3.  To minimize any potential prejudice,
6    however, the Court, upon request, will consider an appropriate limiting instruction.[6]

### 2.  Motions in Limine Nos. 4-6: Settlements and Financial Status

Plaintiff's next three motions seek to exclude evidence of Plaintiff's financial status and prior settlements resulting from his numerous disability access lawsuits.  Pl.'s Mot. at 4-6.  Defendant contends that such evidence is relevant to "discredit his claim that he experiences pain and suffering when he allegedly encounters architectural barriers, as they demonstrate that, to the contrary, he goes out in search of such alleged barriers in the hopes of another easy paycheck."  Def.'s Opp'n at 4, Dkt. 49.

Without citation to any decisional authority or the presentation of any reasoned analysis, Plaintiff summarily asserts that evidence concerning his prior settlements has no bearing on his credibility.  Pl.'s Reply at 6, Dkt. 50.  The Court disagrees.  Plaintiff's alleged scheme to generate income through the serial filing of lawsuits in an effort to extract settlements from businesses, may, in fact, be probative of his credibility.  See Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 125 (2d Cir. 2005) ("[Defendant]'s counsel repeatedly suggested that the instant case was fraudulent and brought for a financial motive[.] . . . A claim for money damages does create a financial incentive to be untruthful, and it was not improper for opposing counsel to invoke this incentive in an attempt to impeach plaintiff.").  Accordingly, the Court DENIES Plaintiff's motions in limine nos. 4

---

[6] Defendant also contends that evidence of Plaintiff's prior litigation activities is germane to its unclean hands defense.  Plaintiff completely ignores this argument.  Nonetheless, the Court notes that it is unclear whether the doctrine of unclean hands could apply in an ADA action.  Kohler v. Island Restaurants, LP, 280 F.R.D. 560, 566 (S.D. Cal. 2012).  Given the lack of briefing on this issue, the Court declines to resolve, at this juncture, whether the disputed evidence is admissible to raise an unclean hands defense.

through 6. As above, the Court, upon request, will consider an appropriate limiting instruction.

### 3. Motion in Limine No. 7: Video of Plaintiff

Plaintiff moves to exclude video surveillance footage showing Plaintiff during his visit to Popeyes on August 24, 2012, on the ground that it was not included among Defendant's initial disclosures. Pl.'s Mot. at 6-7. However, Defendant admittedly did not disclose the video earlier because Plaintiff never alleged in his pleadings or during discovery that he visited Popeyes on that date. Def.'s Opp'n at 6-7. It was not until Plaintiff indicated in his trial exhibit list that he intended to present a Popeyes receipt from a store visit on August 24, 2012, that Defendant was on notice that a store visit on that date was at issue. Id.

The above notwithstanding, Plaintiff indicates in his reply brief that he has agreed to withdraw the August 24 receipt (along with all other post-Complaint receipts) from his exhibit list. Pl.'s Reply at 4. Since Defendant's disclosure of the video was in response to Plaintiff's apparent intention to rely on evidence of post-Complaint store visits, it now appears that Defendant's purpose in disclosing the video is moot. Accordingly, Plaintiff's motion in limine no. 7 to exclude the August 24, 2012 video of Plaintiff is GRANTED.[7]

### 4. Motion in Limine No. 8: Video of Disabled Customer

Plaintiff moves to exclude a video of a customer ordering and paying for food from Popeyes on August 24, 2012 without encountering any access barriers. Pl.'s Mot. at 7-8. As above, Defendant disclosed this video in response to Plaintiff's untimely disclosure that he intended to present evidence that he patronized Popeyes on that date. Def.'s Opp'n at 8. Thus, for the same reasons, Plaintiff's motion in limine no. 8 to exclude the August 24, 2012 video of a disabled customer is GRANTED.

//

---

[7] This ruling is conditioned on Plaintiff's agreement not to present receipts from store visits occurring after the Complaint was filed. This ruling is without prejudice to revisiting the issue should a foundation for reconsideration be presented.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions in limine nos. 1 through 6 are DENIED, and Nos. 7 and 8 are GRANTED.

2. Defendant's motion in limine is GRANTED IN PART and DENIED IN PART.

3. This Order terminates Docket 41 and 45.

IT IS SO ORDERED.

Dated: July 12, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge