United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CRAIG YATES, an individual, | No. C 11-01950 LB |
| Plaintiff, | AMENDED PRETRIAL ORDER (BENCH TRIAL) |
| v. | |
| SWEET POTATO ENTERPRISE, INC., a California Corporation dba POPEYES STORE #2794; and KUAN L. NG and HELEN L. NG, Trustees, of THE KUAN L. NG AND HELEN L. NG REVOCABLE TRUST OF 1993, | |
| Defendants. | |

The parties must submit new pretrial papers that comply with the requirements and time frames in this order.

**I. GENERALLY APPLICABLE RULES**

Parties shall comply with the procedures in the Federal Rules of Civil Procedure, the local rules, the general orders, Judge Beeler's standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER").

**II. CASE MANAGEMENT AND TRIAL DATES**

CASE MANAGEMENT AND PRETRIAL ORDER
C 11 1950 LB

All hearings shall be held in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The following are the current dates in the case.

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Meet and Confer Re Pretrial Filings | April 24, 2014 |
| Pretrial filings due | May 22, 2014 |
| Oppositions, Objections, Exhibits, and Depo Designations due | May 29, 2014 |
| Final Pretrial Conference | June 26, 2014 at 1:30 p.m. |
| Trial | July 8, 2014, at 8:30 a.m. |
| Length of Trial | 1 day |

## II. ALTERNATIVE DISPUTE RESOLUTION

The parties shall notify the Court promptly if the case resolves.

## III. DISCOVERY PROCEDURES

A. The parties shall comply with the procedures regarding discovery and discovery disputes in Judge Beeler's standing order.

B. Each side shall be limited to ten depositions and twenty-five interrogatories, as provided by Federal Rules of Civil Procedure 30 and 33, absent a further court order.

C. If the ADR specified in the previous section is being conducted before the discovery cut-off deadline, counsel must meet and confer in person or by telephone no later than 21 days before the ADR and **before** preparing any exchanged or confidential settlement statements required by the ADR process. The purpose of the meeting is to identify and exchange whatever discovery is needed for all sides to evaluate the case for settlement. Counsel shall cooperate in providing discovery informally and expeditiously before ADR.

## IV. MOTIONS

The parties shall file any motions, oppositions, and reply briefs on the schedule set forth in Civil L. R. 7. The parties also shall file the procedures in Judge Beeler's standing order regarding statements of fact in summary judgment motions.

## V. PRETRIAL FILINGS AND PROCEDURES

**A. 35 Days Before Final Pretrial Conference.** The exact date is in the chart above. The parties shall file the following:

    **1. Joint Proposed Final Pretrial Order** (instead of a joint pretrial conference statement) that contains the following:

        (a) a brief description of the claims and defenses to be decided;

        (b) a statement of the relief sought;

        (c) all undisputed facts;

        (d) all disputed fact issues organized by count;

        (e) each disputed legal issue with citations but without extended argument;

        (f) the parties' stipulations;

        (g) the parties' estimates of total trial time; and

        (h) the status of settlement negotiations and whether further negotiations might be productive.

The parties should append the following to the proposed order: (a) the parties' specific, signed stipulations in a form that can be introduced as evidence at trial; (b) a joint exhibit list with columns for exhibit number, offered into evidence, admitted into evidence, sponsoring witness, limits on use, and description and bates range (*see* section V.C regarding numbering and organization of exhibits); and (c) each party's separate witness list for case-in-chief witnesses (including those appearing by deposition) summarizing their testimony, specifying separately their non-cumulative testimony, and providing an hour-and-minute time estimate. Experts and witnesses not included in the witness list may not be used in a party's case-in-chief.

    **2. Motions In Limine.** The court has already ruled on the parties' motions in limine.

    **3. Joint Proposed Findings of Fact and Conclusions of Law and Each Side's Separate Disputed Proposed Findings of Fact and Conclusions of Law.** Conclusions of law that rely on substantive law instructions from the *Ninth Circuit Manual of Model Civil Jury Instructions* (2007) (available at http://www.ce9.uscourts.gov), *California Civil Jury Instructions (CACI)*, or other applicable instructions should cite those instructions and clearly identify any modifications to the instructions. All conclusions of law -- disputed or undisputed -- shall be supported by citation (including pin cites) in the format used by the *Ninth Circuit Manual*.

CASE MANAGEMENT AND PRETRIAL ORDER
C 11 1950 LB                                         3

**4. Separate Memoranda on Conclusions of Law.**  Each party should file a memorandum of law regarding disputed conclusions of law.

**5. Trial Briefs On Any Issues of Law.**

**6. Copies of Federal Rule of Civil Procedure 26(a)(3) Disclosures.**  *See* Section V.D for procedures regarding designation of depositions.  By designating an exhibit, a party generally waives any objection to it if offered by the other side absent clearly available objections (such as objections under Rules 402 and 403 or admissions by party opponents that would be inadmissible hearsay if offered by the party opponent).

**7. Wordperfect or Word Versions Emailed To Chambers.**  In addition to e-filing and lodging paper copies of all filings, *see* Judge Beeler's standing order, counsel shall email the joint proposed order and the proposed findings of fact and conclusions of law in Wordperfect or Word to lbpo@cand.uscourts.gov.

**B. 28 Days Before Pretrial Conference.**  The exact date is in the chart above.  The parties shall file the following:

**1. Oppositions to Motions In Limine.**  N/a (because motions have been ruled on).

**2. Objections to Exhibits and Use of Depositions** as set forth in Federal Rule of Civil Procedure 26(a)(3)(B).  Objections not raised are waived.

**3. Lodge Joint Set of Trial Exhibits with Deputy Clerk.**  The parties must prepare a *joint, single* set of all trial exhibits.  *See* V.C (regarding exhibit numbering and organization).  The exhibits shall be in three-ring binders, and each exhibit must be tagged and separated by a label divider identifying the exhibit number.  Spine labels should identify the exhibits in a particular binder.  The exhibit binders should be marked ""Original" and will be the official record both at trial with the witnesses and on appeal.  Lodge the exhibits with the deputy clerk, Lashanda Scott.  **If the parties' previously-filed exhibits comply with these requirements, the parties need not submit new exhibits.**

**4. Lodge Second "Chambers Copy" of Joint Set of Trial Exhibits.**  The parties shall lodge (not file) a second "chambers copy" of the binders of trial exhibits referenced in the preceding paragraph.  Those binders should be marked "Chambers Copy."

CASE MANAGEMENT AND PRETRIAL ORDER
C 11 1950 LB                                4

**5. Copies of Deposition Designations For Witnesses Appearing Only By Designation.** *See* V.D (transcript designation procedures and process for filing copy with the Court).

**6. Copies of Designation of Interrogatories and Admissions.** *See* V.E (procedures and process for filing copy with the Court).

**C. Exhibit Numbering and Organization**

**1. Meet and Confer Re Exhibit Numbers.** Before submitting exhibit lists and binders, counsel must meet and confer to establish usable numbering conventions and eliminate duplicate exhibits. Use numbers only, not letters, and if possible, exhibit numbers should be the same numbers used in depositions. Otherwise, the deposition transcript must be conformed to the new exhibit number to avoid confusion and to ensure that every exhibit has a unique number. Blocks of numbers should be assigned to fit the needs of the case: *e.g.,* Plaintiff has 1 to 99, Defendant A has 100 to 199, Defendant B has 200 to 299, *et cetera.* All exhibits should be marked "Trial Exhibit No. __," not Plaintiff's Exhibit or Defendant's Exhibit.

**2. Exhibit Tags and Binders.** The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____

Date Entered _____

By_____
       Deputy Clerk
```

The tag should be on or near the lower right-hand corner if possible and on the back if it is not. Counsel should fill in the tag but leave the last two spaces blank.

CASE MANAGEMENT AND PRETRIAL ORDER
C 11 1950 LB                                              5

**D. <u>Deposition Designation For Witnesses Appearing By Deposition</u>**.  These procedures apply only to deposition designation for witnesses who appear by deposition and do not apply to reading depositions of live witnesses into the record while the witnesses are testifying.

    **1. Designating Counsel.**  To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and each page with any proffered testimony (with lines through testimony not proffered).  Counsel shall put lines through objections or colloquy unless they are needed to understand the question.  Any corrections (including conforming exhibit numbers to trial exhibit numbers) shall be done by hand.  The finished packet should be the script that allows smooth presentation of the witness, the oath, and the testimony.  The packet must be provided to the other parties at least 30 days before the pretrial conference.  For voluminous designations, the Court requires advance notice by designating counsel because more lead time is required.  Counsel must be reasonable.

    **2. Reviewing Counsel.**  Reviewing parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections.  If a completeness objection is made, the objecting party must insert the additional passages needed to cure the completeness objection.  A completeness objection generally should be made only if a few extra lines will cure the problem.  Such additions shall be highlighted in blue, and an explanation for the inclusion shall be legibly handwritten in the margin.  Counsel must line out any irrelevant portions of the additional pages.  Reviewing counsel must return the packets to the proffering party to consider whether to accept the adjustments.

    **3. Counsel To Meet And Confer Re Adjustments.**  Counsel must meet and confer to address reviewing counsel's comments and any other issues.

    **4. Designating Counsel To Assemble Final Packet.**  Counsel for the proffering party must collate and assemble a final packet that covers all remaining issues and provide it to the Court 14 days before the pretrial conference (as required by section V.B.5).  Any objections must be highlighted and annotated as described in the preceding paragraphs.  If exhibits are needed to resolve the objections, designating counsel should include copies, with the relevant passages highlighted and tagged.  The Court will read the packet and make its rulings in the margins in a distinctive manner.

CASE MANAGEMENT AND PRETRIAL ORDER
C 11 1950 LB                          6

**5. Counter-Designations.** The reviewing party must make any counter-designations by providing a packet with the counter-designated passages to the original designating counsel at the same time as the reviewing party returns its objections to designating counsel. The original designating counsel must supply any objections in the manner described in this section.

**6. Video Depositions.** The parties shall follow the same procedures to facilitate ruling on objections. The videos should omit dead time and objections and colloquy not necessary to understand the answers.

**E. Requests For Admissions And Interrogatories.** Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

**VI. PRETRIAL CONFERENCE**

Lead counsel for each party shall attend.

**VII. PRETRIAL ARRANGEMENTS**

**A. Daily or Real-Time Reporting.** Please make arrangements ten days before the trial date with Debra Campbell, Supervisor of the Court Reporting Services, at 415-522-2079.

**B. Electronic Presentation of Evidence.** The Court provides no equipment other than an easel. If counsel will use electronic equipment such as computers, projectors, and screens, the parties should share equipment to the extent possible. Extension cords should be taped to the carpet for safety. The United States Marshal requires a court order to allow equipment into the courthouse. Please work with Lashanda Scott (415-522-3140) on all courtroom layout issues.

**VIII. TRIAL AND TRIAL PROCEDURES**

**A. Schedule.** The trial day is 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Monday through Friday. (Here, the trial will be one day. The parties should be prepared to discuss their proposals for time limits at the pretrial conference.)

**B. Time Limits.** Ordinarily, the Court sets time limits for opening statements, witness examinations (direct, cross, or re-direct), and closing arguments at the final pretrial conference. All of your examination time for all witnesses must fit within your witness time limits. The time taken at a side bar or on objections will be charged to the examining party unless otherwise ordered**.**

**C. Opening Statements.** Counsel must meet and confer about, and exchange, any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

**D. Advance Notice of Witness Order of Proof.** By 2 p.m., counsel must give written notice of the order of witnesses for the next court day and the exhibits (including merely illustrative exhibits) to be used on direct examination (other than for true impeachment of a witness). The parties shall notify the Court by the end of the day of any objections to the exhibits, and the Court will schedule a conference that afternoon or the following morning to resolve the dispute. The Court encourages two days' notice. If two days' notice is given, then by 2 p.m. on the calendar day immediately preceding the testimony, opposing counsel must provide any objections to the exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).

**E. Witness Examinations.** Generally there should be only one examining lawyer per witness per party, and the examining lawyer must make any objections to the opposing counsel's examination. The parties shall have witnesses ready to testify so that trial gaps are avoided. Gaps may be construed as resting one's case. In cases with multiple parties, counsel must coordinate cross-examination to avoid duplication of testimony. When multiple parties are on one side, only one counsel may cover a subject matter. Counsel shall place copies of exhibits to be used by a witness on the witness stand before the witness testifies.

Witnesses (except named parties) are excluded from the courtroom except when they are testifying. If a testifying witness has not been excused before a recess, that witness shall be seated back on the stand when the court reconvenes. If a new witness is ready to be called immediately after a recess, the witness should be in the first row after the recess.

Counsel should refrain from eliciting testimony about undisputed facts set forth in stipulations filed with the court. The appropriate party or the Court may read into the record the undisputed facts at appropriate points in the trial.

**F. Expert Testimony.** Direct expert testimony is limited to matters disclosed in the expert's reports. Omitted material ordinarily may not be added on direct examination. Illustrative animations, diagrams, charts, and models may be used on direct examination only if they were

part of the expert report, except that an expert may use simple drawings (such as those drawn by the witness at trial) that plainly illustrate a report's contents. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. As to damages studies, the cut-off for *past damages* is the date of the expert report (or an earlier date selected or used by the expert). Experts may project *future damages* after this cut-off date if they can meet substantive standards for future damages. With timely leave of Court or by written stipulation, the experts may update their reports (or provide supplemental reports) to a date closer to the time of trial.

**G. Use of Depositions To Impeach A Trial Witness.** The following procedures apply.

1. On the first day of trial, counsel shall bring the original and clean copies of the depositions to be used at trial. If counsel might use a deposition against a witness, counsel shall provide the Court with a copy at the outset of the examination. Opposing counsel should have copies of witness depositions immediately available.

2. Counsel should seek permission from the Court before reading a passage into the record. For example, counsel should state, "I wish to read page 210, lines 1 to 10, from the witness's deposition." Counsel should pause briefly to allow any objection.

3. The first time counsel reads a deposition, counsel should state the deponent's name, the name of the lawyer asking the question, and whether the deposition was a Federal Rule of Civil Procedure 30(b)(6) deposition.

4. When reading the passage, counsel shall employ the following technique. Counsel shall state,"question" and then read the question exactly, and then state, "answer" and read the answer exactly. This will allow the Court and the court reporter to follow who said what at the deposition. Opposing counsel may ask to read additional testimony necessary to complete the context. It is not necessary to ask, "didn't you say XYZ in your deposition" to lay a foundation.

**H. Use of Depositions of Party-Deponents.** Subject to Rule 403, a party's depositions may be used for "any purpose" and may be read into the record whether or not they contradict (and regardless of who is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**I. <u>Use of Depositions For Witnesses Appearing Only By Deposition</u>.** When the packet (*see* V.D for procedures to assemble deposition packets) is read in court, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition, the reader and "witness" shall refrain from undue emphasis or dramatization. If a read-in is short, a single attorney can read it all, being careful to say "question" and "answer" so the record is clear. Exhibits may be projected onto the screen as they are referenced. Court reporters do not transcribe video excerpts so counsel must file an exact copy of what was shown.

**J. <u>Exhibits</u>.** At the end of each day, counsel must confer with each other and with the deputy clerk to confirm what exhibits are in evidence and any limitations on their use. Counsel should bring any differences to the Court's attention. Similarly, before closing argument, counsel must confer with each other and the deputy clerk to finalize the exhibits and prepare any final exhibit list. That list may include a brief non-argumentative description of the exhibit to help the Court access the exhibits.

**K. <u>Stipulations</u>.** Counsel must read all stipulations for them to be part of the record.

**L. <u>Objections</u>.** Counsel shall stand when making objections, give only the legal basis ("objection, calls for speculation" or "objection, hearsay"), and refrain from making speeches.

**IT IS SO ORDERED**.

Dated: April 21, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 11 1950 LB                                   10