UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco

| | |
|---|---|
| CRAIG YATES, an individual, | No. C 11-01950 LB |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| SWEET POTATO ENTERPRISE, INC., a California Corporation dba POPEYES STORE #2794; and KUAN L. NG and HELEN L. NG, Trustees, of THE KUAN L. NG AND HELEN L. NG REVOCABLE TRUST OF 1993, | |
| Defendants | |

The Court held a pretrial conference on September 18, 2014, sets a follow-up conference on October 2, 2014, at 11 a.m., and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e). The parties' joint proposed pretrial order is adopted except as modified by this order.

**I. SITE VISIT AND ADDITIONAL PRETRIAL CONFERENCE**

At the pretrial conference, the parties discussed the remodel of the restaurant. The parties agreed that they would conduct a joint site visit with their experts on Tuesday, September 23, 2014, at 4:00 p.m. (assuming Defendants' counsel's schedule permits that visit) and will submit a revised stipulation of undisputed facts by September 24, 2014. The revised stipulation must contain all the parties' stipulated undisputed facts, including those that the parties stipulated to in ECF No. 135.

1  The new stipulation will supersede the previously-filed stipulation, and the court will not consider
2  any earlier-filed stipulations.

3  As discussed at the pretrial hearing, the court expects that the parties will stipulate to all relevant
4  facts about the facility that are undisputed, both at the time of Mr. Yates's earlier visits and now.
5  Facts such as measurements, facility configuration, and the like are objective facts that each expert
6  must consider, and it is likely that the parties cannot reasonably dispute them.  The parties'
7  stipulation must have separate sections so that the court and the parties can see what is undisputed at
8  the different relevant time periods.

9  At the next pretrial conference on October 2, 2014, the parties must be prepared to discuss how
10 their revised stipulations affect their trial time estimate.  In preparation for the conference, the
11 parties also must discuss settlement and whether Defendants' remodel (presumably required by the
12 parent company for its franchise holders) removed any financial impediments to settlement.  If
13 settlement seems possible, then Plaintiff must make his best demand (including fees) to Defendants
14 no later than one business day after the site visit.  Under the current schedule, that should be on
15 September 24, 2014.  Defendants must respond by noon two days later, which under the current
16 schedule is September 26, 2014.

17 **II.  TRIAL DATE & LENGTH OF TRIAL**

18 A. The bench trial will begin on October 6, 2014, in Courtroom C, 15th Floor, U.S. District
19 Court, 450 Golden Gate Avenue, San Francisco, California.  The trial will last one day and will
20 begin at 8:30 a.m.  Counsel must arrive at 8:15 a.m. to address any issues before the trial day begins.
21 As discussed at the pretrial conference, it is the parties' expectation that the further site visit will
22 result in additional stipulated facts, which likely will shorten the trial to a half day.

23 B. The court approves the parties' proposed time limits in their joint pretrial statement.  *See*
24 ECF No. 135 at 29-34.  After the parties' site visit on September 23, 2014, the parties must update
25 their witness lists and trial estimates and file them simultaneously with their revised stipulation.

26 **III.     PROCEDURE FOR EXHIBITS DURING TRIAL**

27 Please refer to the court's April 21, 2014 pretrial order for the proper procedures regarding the
28 presentation of exhibits during trial.  *See* ECF No. 110.

## IV. PROCEDURE FOR WITNESSES DURING TRIAL

Please refer to the court's April 21, 2014 pretrial order for the proper procedures regarding the presentation of witness testimony during trial.

## V. CLAIMS REMAINING

A. The following claims remain to be tried in this matter:

| Claim | Description |
|---|---|
| 1 | Denial of access in violation of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq.* |
| 2 | Denial of access in violation of California Civil Code §§ 54, 54.1, and 54.3 |
| 3 | Denial of access in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* |

## VI. MOTIONS IN LIMINE

The court previously ruled on the parties' motions in limine. *See* ECF Nos. 65, 98.

## VII. WITNESSES

The parties may call the witnesses on their separately-filed witness lists.

## VIII. STIPULATIONS AND OBJECTIONS TO EVIDENCE

A. Stipulations

As discussed above and at the September 18, 2014 hearing, the parties will submit their revised stipulation of undisputed facts by September 24, 2014.

B. Objections

The parties filed objections to the exhibits. *See* ECF Nos. 144 and 145. Most objections stem from new evidence propounded about the modifications to the restaurant. The modifications, as everyone agreed at the hearing, are relevant to the scope of any remediation. The parties and the court devised the joint inspection process discussed above to address the problem. As to other objections to the allegedly late-disclosed expert reports, some reports were disclosed at least a year ago, others were disclosed at a time that did not result in prejudice, and any new expert opinions about the modifications to the restaurant are relevant and are not properly excluded. The parties may depose each other's expert for an hour if they deem it necessary, and they must discuss the issue during their joint inspection.

1    Thus, all objections to the evidence are overruled.  The court also notes that it previously ruled
2 on Exhibit 48.  *See* ECF No. 98.

### IX. AUTHENTICITY, FOUNDATION, AND REVISED EXHIBIT LIST

   There are no objections based on foundation or authenticity. Accordingly, all exhibits will be admitted in evidence.  That being said, to the extent that evidence is no longer relevant due to the site visit and the revised stipulation of undisputed facts, the parties must submit a revised exhibit list with only the exhibits that they intend to introduce at trial.  They may not lodge exhibits already lodged.  If there are new exhibits, they must bring two copies, three-hole punched and with exhibit tabs and numbered separators, to the pretrial conference on October 2, 2014, so that they may be inserted into the two binders that the parties lodged previously.

   **IT IS SO ORDERED**.

Dated:  September 19, 2014

_____
LAUREL BEELER
United States Magistrate Judge